IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 20-cr-326-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SCOTT LOWE,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AND DEFENDANT'S MOTION TO DISMISS COUNT 2 OF THE INDICTMENT**

---

The Government charges Defendant Scott Lowe with: (1) one count of possession with intent to distribute a mixture and substance containing a detectable amount of 3,4-Methyl-enedioxy-methamphetamine (MDMA), a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (2) one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 52.)

This matter is before the Court on Defendant's Motion to Dismiss the Indictment (ECF No. 22) and Defendant's Motion to Dismiss Count 2 of the Indictment (ECF No. 30).[1]

---

[1] Defendant filed the motions to dismiss (ECF Nos. 22, 30) in response to his original Indictment. (ECF No. 1.)  Thereafter, a Superseding Indictment was filed against Defendant on June 22, 2021.  (ECF No. 52.)  As evidenced by the Government's redline version of the

For the reasons set forth below, these Motions are denied.

## I. LEGAL STANDARD

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy offense." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997). "It is generally sufficient that an indictment set forth an offense in the words of the statute itself, as long as those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Sufficiency is determined by practical rather than technical considerations. *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1998).

"Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). When testing an indictment's sufficiency before trial, an indictment's allegations are taken as true, and a court should not consider evidence outside of the indictment. *Id.* The Tenth Circuit has, however, carved out an exception to that general rule for cases "where the underlying

---

Superseding Indictment (*see* ECF No. 70-1), the Superseding Indictment clarifies the substance at issue in Count 1 and changes the operative date at issue in Counts 1–3 from February 27, 2020 to the following: "[b]eginning on a date unknown but not later than on or about February 24, 2020, through on or about February 27, 2020." Notwithstanding the fact that Defendant has not filed a motion to renew his motions against the Superseding Indictment, the Court will nonetheless deem the motions as applicable to the Superseding Indictment, which is now the operative charging document. (ECF No. 52.) Accordingly, in deciding the motions, the Court is mindful that it is applying the law and facts in the context of the Superseding Indictment.

facts [are] essentially undisputed and the government fail[s] to object to the district court's resort to evidence beyond the four corners of the indictment." *Hall*, 20 F.3d at 1087. "Under this scenario, a pretrial dismissal is essentially a determination that, *as a matter of law,* the government is incapable of proving its case beyond a reasonable doubt." *Id.* at 1088 (emphasis in original).

## II. MOTION TO DISMISS THE INDICTMENT (ECF No. 22)

In the Motion to Dismiss the Indictment, Defendant argues that each of the three charges set forth in the operative indictment (possession of MDMA with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a prior felon) requires proof of possession of contraband and that Defendant, who was incarcerated on February 27, 2020, neither maintained constructive nor actual possession of the firearm on February 27, 2020. (ECF No. 22.)

With regard to actual possession, he argues that "[o]bviously, while he was incarcerated on February 27, Defendant Lowe could not have had 'direct physical control' over any property located at the 901 Sherman apartment building." (*Id.* at 7.) He likewise argues that constructive possession cannot be established on these facts because he had no power and intent to exercise control over any object in storage unit 6 from his jail cell. (*Id.* at 8.)

The Government responds that although Federal Rule of Criminal Procedure 12 permits a party to move to dismiss an indictment, a challenge to an indictment does not generally open the door to questioning the strength of the Government's case or its evidence because the "indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." (ECF No. 36 at 5

3

(quoting *Hall*, 20 F.3d at 1087).)  Moreover, the Government contends that Defendant's version of the evidence is inaccurate and incomplete.  (*Id.* at 6.)

Given that the parties dispute the evidence in this case, the Court will test the Superseding Indictment solely on the basis of the allegations made in the Superseding Indictment and will take such allegations as true.  *Hall*, 20 F.3d at 1087.  Here, the Court finds that the Superseding Indictment sets forth the elements of each offense charged, puts Defendant on fair notice of the charges against which he must defend, and enables Defendant to assert a double jeopardy offense.  *See Dashney*, 117 F.3d at 1205.

Moreover, the Court notes that the date ranges in the Superseding Indictment state that each offense occurred "[b]eginning on a date unknown but not later than on or about February 24, 2020, through on or about February 27, 2020."  (ECF No. 52.)  As such, Defendant's challenges regarding the Superseding Indictment also fail because the date ranges cover a time period before Defendant was incarcerated.

Accordingly, Defendant's Motion to Dismiss the Indictment is denied.

### III. Motion to Dismiss Count 2 of the Indictment (ECF No. 30)

In his Motion to Dismiss Count Two of the Indictment, Defendant argues that Count Two (possession of a firearm in furtherance of a drug trafficking crime) does not "set forth any articulable basis alleging any connection between the firearm allegedly seized by investigators, and any specific alleged drug transaction."  (ECF No. 30 at 1.)  He argues that under Tenth Circuit case law, the Government must "show that the weapon furthered, promoted or advanced . . . a drug trafficking crime" and that Count 2 alleges "absolutely no connection—direct or otherwise—between any firearm possession and any drug transaction."  (*Id.* at 5–6 (quoting *United States v. Jones*, 802

4

F. App'x 325, 328 (10th Cir. 2020)).)  As such, he argues that "Count 2 is legally deficient on its face and must be dismissed."  (*Id.* at 7.)

Defendant further argues that "the disclosures by the prosecution contain no evidence supporting any 'direct connection' between any firearm and the drug charge in Count 1 of the Indictment."  (*Id.*)  He argues that the Government cannot establish the required nexus between the firearm and the underlying drug trafficking crime because there is no evidence: that a firearm was present at, carried to, brandished and/or used during any drug transaction that Defendant was involved in; or that Defendant intended to possess any firearm in furtherance of a drug transaction.  (*Id.* at 7–10.)

In response, the Government argues that Defendant "fails to identify any actual deficiency with the charging document."  (ECF No. 36 at 6.)  The Court agrees.

To be convicted of a violation of 18 U.S.C. § 924(c)(1)(A), the Government must prove that Defendant: "(1) committed a 'drug trafficking crime,' '(2) possessed a firearm, and (3) possessed the firearm in furtherance of' the drug trafficking crime." *United States v. Avery*, 295 F.3d 1158, 1179 (10th Cir. 2002).

Count 2 of the Superseding Indictment charges Defendant with the following:

> Beginning on a date unknown but not later than on or about February 24, 2020, through on or about February 27, 2020, in the State and District of Colorado, the defendant, Scott Lowe, did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance, as charged in Count 1 of this Superseding Indictment.
>
> All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

(ECF No. 52 at 1–2.)  The Court finds that the Superseding Indictment sufficiently sets

5

forth the elements of Count 2, puts Defendant on fair notice of the charges against which he must defend, and enables Defendant to assert a double jeopardy offense. *Dashney*, 117 F.3d at 1205.[2]

It may well be true that the Government will be unable to prove beyond a reasonable doubt at trial that there is a nexus between the firearm and the underlying drug trafficking crime.  However, such a determination is improper on a motion to dismiss where, as here, the Government contests the Defendant's depiction of the events that will be introduced at trial.  *See Hall*, 20 F.3d at 1087 ("Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion.").

Accordingly, the Motion to Dismiss Count 2 of the Indictment is denied.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion to Dismiss the Indictment (ECF No. 22) is DENIED; and

2. Defendant's Motion to Dismiss Count 2 of the Indictment (ECF No. 30) is DENIED.

---

[2] To the extent that Defendant contends that the Government must cite additional language to demonstrate a violation of 18 U.S.C. § 924(c)(1)(A), the Court notes that this additional language is not one of the three *elements* of a violation of § 924(c)(1)(A).  *See Avery*, 295 F.3d at 1179.

Dated this 9th day of November, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge