**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Criminal Case No. 20-cr-326-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

SCOTT LOWE,

      Defendant.

---

**ORDER ON DISCOVERY MOTIONS**

---

      This matter is before the Court on the following motions filed by Defendant Scott Lowe:

1.      Motion to Disclose Grand Jury Material (ECF No. 21);

2.      Motion for Disclosure of Confidential Informants (ECF No. 23);

3.      Motion for Disclosure of Impeachment Evidence Regarding Confidential Informants (ECF No. 24);

4.      Motion for Disclosure of *Giglio* Information (ECF No. 25);

5.      Motion for Preservation of Tapes and Notes (ECF No. 26);

6.      Motion for Disclosure of Evidence Favorable to the Accused Not Previously Disclosed by the Prosecution or Previously Requested in Other Motions (ECF No. 27);

7.      Motion for Earlier Notice of Rule 404(b) Evidence Than Provided in the Discovery

Conference Memorandum and Order (ECF No. 28); and

8.      Motion for Discovery (ECF No. 33).

For the reasons set forth below, the Motion for Discovery is granted in part and denied in part, and the rest of the motions are denied.

### I. Motion to Disclose Grand Jury Material (ECF No. 21)

Defendant seeks an order "authorizing the Government to disclose Grand Jury testimony and exhibits to Defendant and the Defendant's attorney." (ECF No. 21 at 1.)

The Supreme Court has consistently "recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 218 (1979). "Secrecy, however, is not absolute." *In re Special Grand Jury 89-2*, 143 F.3d 565, 569 (10th Cir. 1998). Under Federal Rule of Criminal Procedure 6(e)(3)(E), a court may order disclosure of grand jury material "preliminarily to or in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

A district court has substantial discretion to determine whether grand jury materials should be released. *See Douglas Oil*, 441 U.S. at 223. However, "[t]he prerequisites for disclosure of grand jury materials are demanding." *In re Grand Jury 95-1*, 118 F.3d 1433, 1437 (10th Cir. 1997). To warrant disclosure, a party must show: (1) that the material sought is needed to avoid a possible injustice in another judicial proceeding; (2) that the need for disclosure is greater than the need for continued secrecy; and (3) that the request is structured to cover only material so needed. *Id*. To satisfy the first prong, a defendant must identify a "particularized need" for the grand

jury materials.  *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959).
"Relevance alone is not sufficient; secrecy will not be broken absent a compelling
necessity for the materials."  *In re Grand Jury 95-1*, 118 F.3d at 1437.  A request for
grand jury materials "must amount to more than a request for authorization to engage in
a fishing expedition."  *Id.* (quotation marks omitted).

  The Court finds that Defendant has failed to make the requisite showing that his
particularized need for disclosure is greater than the need for continued secrecy of the
grand jury materials.  He asserts that review of the grand jury materials would allow
counsel to better review the charges against Defendant, help him determine what
challenges he should raise, and assist him in making informed and intelligent decisions
regarding plea negotiations.  (ECF No. 21 at 2.)  While this is undoubtedly true for any
defendant in any criminal case, Defendant offers no compelling necessity for such
materials, nor any case law supporting their request under the present circumstances.[1]
*See In re Grand Jury 95-1*, 118 F.3d at 1437 ("Relevance alone is not sufficient; secrecy
will not be broken absent a compelling necessity for the materials."); *United States v.
Rising*, 867 F.2d 1255, 1260 (10th Cir. 1989) (A "general claim that disclosure of [g]rand
[j]ury transcripts will possibly reveal exculpatory evidence is not enough to demonstrate
'particularized need.'"); *In re EyeCare Physicians of Am.*, 100 F.3d 514, 518 (7th Cir.
1996) (recognizing that the "request for grand jury material [must be] more than a
request for authorization to engage in a fishing expedition").

---

[1] Moreover, Defendant argues that based on his Sixth Amendment privileges, "[c]ounsel
. . . has an obligation to review the grand jury material[s]."  (ECF No. 21 at 2.)  However,
Defendant presents no case law supporting his argument that a defendant must receive grand
jury materials pursuant to the Sixth Amendment, nor is the Court aware of any such law.

Of course, the Government may be required to disclose certain statements, including those made during grand jury testimony, pursuant to the Jencks Act, 18 U.S.C. § 3500, or statements subject to disclosure under *United States v. Brady*, 373 U.S. 83 (1963).  However, the Court has no reason to question the Government's compliance with its continuing discovery obligations.

Accordingly, the Court denies the Motion to Disclose Grand Jury Material.

## II. Motion for Disclosure of Confidential Informants (ECF No. 23) and Motion for Disclosure of Impeachment Evidence Regarding Confidential Informants (ECF No. 24)

In his Motion for Disclosure of Confidential Informants, Defendant requests an order directing the Government to disclose the identity of the confidential informants in this case, as well as "all relevant and necessary information concerning any confidential informants used in this case including, but not limited to the informants' prior record, written and/or oral statement, any other evidence affecting the issues of bias and credibility, any inducements, any promises of immunity or lesser charges, and all other information required to be disclosed by procedure or law."  (ECF No. 23 at 1–2.)

Moreover, Defendant has filed a Motion for Disclosure of Impeachment Evidence Regarding Government Informants, in which he requests an order directing the Government to disclose impeachment evidence regarding its informants, including investigative reports regarding involvement in other criminal activity, informants' statements, cooperation agreements, rough notes of investigators, videotapes, tapes or other recordings of each informant regarding alleged criminal conduct with Defendant, and state and federal records showing all arrests and convictions of each informant. (ECF No. 24 at 1–2.)

In response, the Government states that it "does not have any information to disclose pertaining to this issue because it was the District of Colorado Probation Department [*sic*] that used a confidential informant in the case" and "since the informant was not present or a participant in the criminal conduct, his disclosure is not warranted." (ECF No. 37 at 2.)  It points out that the Probation Office "serves as an investigative and supervisory arm of the court," *United States v. Davis*, 151 F.3d 1304, 1306 (10th Cir. 1998) (alterations incorporated and internal quotation marks omitted) and argues that there is no affirmative duty upon the Government to take action to discover information which it does not possess.  (*Id.* at 2–3.)  Moreover, the Government argues that even if it had information regarding the Probation Office's confidential informant, such information would still not be subject to disclosure because the indictment in this case is not based in large part on the confidential informant's testimony.  (*Id.* at 4.)

It is axiomatic that the United States Attorney's Office for the District of Colorado is an office within the Executive Branch of the Federal Government, whereas the Probation Office is a unit of the U.S. District Court and thus part of that Government's Judicial Branch.  Defendant cites no case law for the proposition that the Government must obtain and disclose information from another branch of the Federal Government, that is, information regarding the Probation Office's confidential informants, nor is the Court aware of any such law.[2]  *See, e.g.*, *United States v. Gonzalez*, 2016 WL 8458986,

---

[2] In *United States v. Combs*, 267 F.3d 1167, 1172–75 (10th Cir. 2001), the Tenth Circuit addressed whether *Brady* violations might arise from evidence about a cooperating witness that was known by Pretrial Services but not by the prosecution during the "guilt phase" of criminal proceedings.  The court noted "two lines of cases" addressing whether *Brady* applies to agencies such as Pretrial Services and the Probation Office: "one line suggests that Pretrial Services is not covered by *Brady*, and one line suggests that *Brady* is broadly construed to

at * 3 (D. Colo. May 18, 2016)  (noting that "the Tenth Circuit has never held that the due process disclosure duties outlined in *Brady* and its progeny extend to independent judicial agencies such as pretrial services or the probation office"); *United States v. Sanchez*, 2018 WL 11240477, at *1 (W.D. Okla. May 17, 2018) (recognizing that pre-trial reports do not appear to be in the possession of the government, and, therefore are precluded from discovery); *United States v. Sherlin*, 67 F.3d 1208, 1218 (6th Cir. 1995) (recognizing that "[n]either *Brady* nor the Federal Rules of Criminal Procedure mandate that a trial court produce a copy of a presentence report concerning a government witness, prepared for the court, to the defense upon request"); *United States v. Zavala*, 839 F.2d 523, 528 (9th Cir. 1988) (recognizing that "disclosure of [probation] reports is not compelled by [*Brady*], the Jencks Act . . . ,  or Rule 16 of the Federal Rules of Criminal Procedure if the reports are in the hands of the court or the probation office"); *United States v. Trevino*, 556 F.2d 1265, 1270–72 (5th Cir. 1977).

Accordingly, because the Government has no information to disclose regarding the Probation Office's confidential informant, Defendant's Motion for Disclosure of Confidential Informants and Motion for Disclosure of Impeachment Evidence Regarding Confidential Informants are denied.[3]

---

apply to agencies in reasonable proximity to the prosecution."  *Id.* at 1175.  The Tenth Circuit took no position on the issue, however, concluding that the evidence disputed in *Combs* was not material.  *Id.* at 1174. The Court thus draws no inference from *Combs* regarding the law applicable here.

[3] Because the Government does not have information regarding the confidential informant, the Court need not address the Government's arguments that disclosure is nonetheless improper based on the informer's privilege.  (*See* ECF No. 37 at 3–7.)

Moreover, to the extent that Defendant requests that the Court conduct an in-camera review of any documents regarding the Probation Office's confidential witness, that request is also denied.  After all, Defendant has made only a speculative assertion that discovery regarding the confidential informant may contain exculpatory or impeachment evidence not otherwise available.  *Cf. United States v. Garcia-Martinez*, 730 F. App'x 665, 674 (10th Cir. 2018) ("To justify a court undertaking an in camera review for *Brady* material, at the very least, a defendant must make a "plausible showing" that the government files at issue contain "material" exculpatory or impeachment information.").

### III.  Motion for Disclosure of *Giglio* Information (ECF No. 25) and Motion for Disclosure of Evidence Favorable to the Accused Not Previously Disclosed by the Prosecution or Previously Requested in Other Motions (ECF No. 27)

In the Motion for Disclosure of Evidence Favorable to the Accused Not Previously Disclosed by the Prosecution or Previously Requested in Other Motions and Motion for Disclosure of *Giglio* Information, Defendant requests an order directing the Government to provide various disclosures about potential Government witnesses and other evidence, which he contends fall within the Government's discovery obligations pursuant to *Brady* and *Giglio v. United States*, 405 U.S. 150 (1972).  (*See* ECF Nos. 25, 27.)

In response, the Government represents that it "is well aware of its ongoing discovery obligations," "has provided extensive discovery in the matter," and "will continue to honor its discovery obligations as required by constitutional dictates and its duty to disclose pursuant to Rule 16 of the Federal Rules of Criminal Procedure."  (ECF

No. 38 at 1.)  However, it objects to Defendant's motions to the extent they seek materials not covered by *Brady*, *Giglio*, or their progeny, and to the extent that Defendant has not provided an explanation about how the requested materials are relevant or necessary for trial preparation.  (*Id.*)

Defendant provides no basis for the Court to question the Government's representation regarding its compliance with its discovery obligations.  As such, Defendant has failed to show that he is being deprived of any evidence which he is entitled to receive at this point in the proceedings.

Accordingly, Defendant's Motion for Disclosure of Evidence Favorable to the Accused Not Previously Disclosed by the Prosecution or Previously Requested in Other Motions and Motion for Disclosure of *Giglio* Information are denied.

### IV. Motion for Preservation of Tapes and Notes (ECF No. 26)

In his Motion for Preservation of Tapes and Notes, Defendant seeks an order directing the Government to preserve for trial: (1) the originals of any and all handwritten notes and/or tapes made by law enforcement of any interviews with potential trial witnesses; (2) the originals of any and all handwritten notes and/or tapes made by law enforcement in connection with their investigation into this case; and (3) the originals of any and all handwritten notes and/or tapes made by any potential trial witnesses.  (ECF No. 26 at 1.)  For support, Defendant contends that these notes and tapes may constitute *Brady* evidence; he further argues that these materials constitute Jencks Act materials and that "handwritten notes of interviews with persons who will or may be witnesses and notes made by such persons, are a type of material evidence, which the [G]overnment must maintain."  (*Id.* at 2.)

The Government responds that it will retain and produce any notes or tapes of witness interviews that exist and are either exculpatory or qualify as Jencks Act statements.  (ECF No. 39 at 2.)  However, the Government argues that a law enforcement agent's interview notes do not constitute Jencks Act statements unless the witness has signed, adopted, or approved those notes.  (*Id.*)  It further argues that there is no requirement that law enforcement must retain all rough notes made in the course of an investigation.  (*Id.*)  The Court agrees.

As the Tenth Circuit ruled in *Hanks v. United States*,

> [t]he underlying purpose of the [Jencks] Act is to protect government files from unwarranted disclosure and to require the government, after a witness has testified, to make available to an accused for impeachment purposes, statements of the witness which it has in its possession.  It does not compel the undiscriminating production of agent's summaries of interviews regardless of their character or completeness. . . .  The only government instruments available are those which fall within the [Jencks] Act's definition of 'statements' which relate to the subject matter of a witness's testimony.  The agent's reports in this case were not such statements.

388 F.2d 171, 173 (10th Cir. 1968) (quotation marks and internal citations omitted). Indeed, while the issue question of whether "handwritten, informal, or rough interview notes taken by a government agent during an interview or criminal investigation constitutes producible Jencks Act 'statements'" is "unresolved among the circuits," the Tenth Circuit has concluded that the "Government is not required under the Jencks Act to produce an agent's 'informal' description of the testimony of several witnesses." *United States v. Smaldone*, 544 F.2d 456, 461 (10th Cir. 1976) (citing *United States v. Swindler*, 476 F.2d 167 (10th Cir. 1973), *cert. denied*, 414 U.S. 837

(1973)); *see also United States v. Wright*, 2012 WL 4049826, at *3 (D. Colo. Sept. 13, 2012) (recognizing that generalized notes of counsel or agents taken during a witness interview are not discoverable).

Because Defendant has not cited any binding precedent demonstrating that the Government is obligated retain any notes or tapes beyond those it has already agreed to retain, the Motion is for Preservation of Tapes and Notes is denied.

### V.  Motion for Earlier Notice of Rule 404(b) Evidence Than Provided in the Discovery Conference Memorandum and Order (ECF No. 28)

In the Motion for Earlier Notice of Rule 404(b) Evidence, Defendant requests an order directing the Government to provide notice of its intent to introduce evidence under Federal Rule of Evidence 404(b) at least 45 days prior to trial.  (ECF No. 28.)

The Government responds that "[b]ased on the procedural nature of the case, the [G]overnment has no objection to this request, and will provide the appropriate notice of any Rule 404(b) evidence at least forty-five days in advance of trial."  (ECF No. 40.)

Based on the Government's representation, there is no continuing evidentiary dispute on this matter.  Moreover, the Court notes that the Government has already provided Defendant with its notice of intent to introduce evidence pursuant to Rule 404(b).  (*See* ECF No. 81.)  As such, Defendant's the Motion for Earlier Notice of Rule 404(b) Evidence Than Provided in the Discovery Conference Memorandum and Order is denied as moot.

### VI. Motion for Discovery (ECF No. 33)

In the Motion for Discovery, Defendant seeks an order of discovery requiring the

Government to produce: (1) all grand jury transcripts or translated transcripts; (2) any and all tape recordings; (3) any and all video tapes or photos of the surveillance; (4) any and all bodycam footage/video of the February 27, 2021 search; (5) any and all "personell [*sic*] / disciplinary files on [Denver Police Department] Dtective [*sic*] Roybal, Detective Diaz, Detective Tobin[,] and [United States Probation Officer] Buescher.'" (ECF No. 33 at 1.)  He further seeks disclosure of Rule 16 materials, as well as various items of discovery related to K-9 Tucker's February 27, 2020 canine sniff.  (*Id.* at 2–5.)

In response, the Government notes that many of Defendant's requests duplicate requests made in other discovery motions.  Likewise, the Government asserts that it has provided Defendant with the relevant reports related to the current case and certifications of Detective Tobin and K-9 Tucker, as well as deployment summaries and training logs from June 19, 2019 through April 29, 2021.  (ECF No. 41 at 1–2.)  It further argues that "these materials satisfy [the Government's] discovery obligations at this juncture, and objects to the defendant's other K-9 related requests in the motion, as he has not sufficiently explained how the materials are relevant or necessary for trial production."  (*Id.* at 2.)

As an initial matter, to the extent Defendant requests discovery that is included in other discovery-related motions that he has filed, those requests are denied as moot. The Court further agrees that Defendant has not demonstrated that he is entitled to any additional materials regarding K-9 Tucker at this juncture.  Although Rule 16's language is permissive, it does not authorize "a blanket request to see the prosecution's file," and a defendant may not use the rule to engage in a "fishing expedition."  *United States v. Maranzino*, 860 F.2d 981, 985–86 (10th Cir. 1988)(citing *Jencks v. United States*, 353

U.S. 657, 667 (1957)).  Accordingly, Defendant's request for additional evidence surrounding K-9 Tucker is denied for lack of good cause shown.

However, because the Government does not specifically respond to the portions of the Motion for Discovery requesting surveillance evidence, bodycam footage and video of the February 27, 2021 search, and other Rule 16 discovery, the Court grants the Motion for Discovery in part.  To the extent it has not already done so, the Government is directed to disclose forthwith any outstanding Rule 16 discovery.

## VII. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Defendant's Motion to Disclose Grand Jury Material (ECF No. 21) is DENIED;

2.      Defendant's Motion for Disclosure of Confidential Informants (ECF No. 23) is DENIED;

3.      Defendant's Motion for Disclosure of Impeachment Evidence Regarding Confidential Informants (ECF No. 24) is DENIED;

4.      Defendant's Motion for Disclosure of *Giglio* Information (ECF No. 25) is DENIED;

5.      Defendant's Motion for Preservation of Tapes and Notes (ECF No. 26) is DENIED;

6.      Defendant's Motion for Disclosure of Evidence Favorable to the Accused Not Previously Disclosed by the Prosecution or Previously Requested in Other Motions (ECF No. 27) is DENIED;

7.      Defendant's Motion for Earlier Notice of Rule 404(b) Evidence Than Provided in the Discovery Conference Memorandum and Order (ECF No. 28) is DENIED AS MOOT; and

8.    Defendant's Motion for Discovery (ECF No. 33) is GRANTED IN PART and

DENIED IN PART as set forth herein.


Dated this 9th day of November, 2021.

BY THE COURT:

William J. Martinez
United States District Judge