**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 20-cr-326-WJM

UNITED STATES OF AMERICA,

  Plaintiff,

v.

SCOTT LOWE,

  Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B) AND MOTION *IN LIMINE* TO ADMIT EVIDENCE**

---

  The Government charges Defendant Scott Lowe with: (1) one count of possession with intent to distribute a mixture and substance containing a detectable amount of 3,4-Methyl-enedioxy-methamphetamine (MDMA), a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (2) one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 52.)

  This matter is before the Court on the Government's Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) and Motion *in Limine* to Admit Evidence ("Motion"), filed on October 4, 2021.  (ECF No. 81.)  Defendant responded on October 20, 2021.  (ECF No. 83.)  For the reasons set forth herein, the Motion is granted in part and denied in part.

1

## I. FACTUAL BACKGROUND

On February 11, 2014, Defendant pled guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 81-1 at 1.)  Defendant was sentenced to 48 months' imprisonment, followed by 3 years of supervised released (*Id.* at 34–35.)  The terms of Defendant's supervised release included a requirement that "[t]he [D]efendant shall submit his or her person, property, house, residence, papers, [computers (as defined in 18 U.S.C. § 1030(e)(l)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer. . . ."  (*Id.* at 36.)

On December 2, 2019, United States Probation Officers Jordan Buescher and Ashlie Diener searched Defendant's apartment unit and uncovered: (1) capsules used in the distribution of MDMA; (2) messages on Defendant's cellphone indicating that he was attempting to buy large amounts of narcotics; and (3) cell phone search results indicating that Defendant had visited a webpage relating to a grip for a Kahr firearm.  (ECF No. 81 at 6; ECF No. 81-2.)

On February 24, 2020, Buescher, Diener, and members of the Denver Police Department conducted another home visit after receiving a report that Defendant was abusing his son and engaging in domestic violence against his wife.  (ECF No. 81-3 at 1.)  During the search, police discovered that Defendant's wife was in possession of a loaded Smith & Wesson 9 mm handgun and a second magazine in a black holster in her pants holding six rounds of ammunition for a Kahr firearm.  (ECF No. 81 at 8; ECF No. 81-3 at 3.)  In searching the apartment, the Probation officers found plastic bags, a digital scale, a pill press, suspected steroids, and other drug paraphernalia.  (ECF No.

81 at 8.)  Following this search, Defendant was arrested on second degree assault charges.  (ECF No. 81-3 at 3.)

Thereafter, during the February 27, 2020 search of a storage unit in Defendant's apartment building, law enforcement uncovered, *inter alia*:

> a loaded Kahr Arms .40 caliber CM40 handgun with serial number JN4570; firearm ammunition; a clear plastic bag of containing approximately 25 grams of methamphetamine and MDMA; a black ski mask; two parking ticket return envelopes issued to the defendant at 901 Sherman Street, #724, Denver, Colorado, one of which contained a handwritten note stating, "zip molly- 1800, 52 off white- 2460, X pills- 300, 1g moon rock $20, powder?"; a prescription of "Vyvanse" belonging to Lowe; a black t-shirt with "Police" printed on the front and back; numerous small, unused, clear plastic baggies with blue devil images; digital scales; prescription medication for Ashley Lowe, the Lowe's ex-wife; a passport and social security card belonging to Zach Reedholm, the defendant's former brother-in-law; numerous forged checks made out to Zach Reedholm; and numerous pieces of stolen mail.

(ECF No. 81 at 1–2.)

## II. LEGAL STANDARDS

"The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ."  *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994); *see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the admission of evidence.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action."  Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially

3

outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.

Federal Rule of Evidence 404(b) provides:

> (1) Prohibited Uses.  Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.
>
> (3) Notice in a Criminal Case.  In a criminal case, the prosecutor must:
>
>> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>>
>> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>>
>> (C) do so in writing before trial--or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

A court considers a four-factor test when determining the admissibility of evidence under Rule 404(b). The test requires that:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to FED.R.EVID. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000) (quotation omitted); *see Huddleston v. United States*, 485 U.S. 681, 691–92 (1988) (discussing four sources that serve as "the protection against . . . unfair prejudice" when admitting evidence under Rule 404(b)).

### III. ANALYSIS[1]

In its Motion, the Government seeks an order confirming that it may introduce the following evidence at trial: (1) Defendant's prior conviction in Criminal Case No. 13-cr-468-PAB, as well as the corresponding plea agreement and transcript of his change of plea hearing; (2) the results of the December 2, 2019 search of Defendant's apartment; and (3) results of the February 24, 2020 search of Defendant's apartment. (ECF No. 81.)

**A.     Evidence Regarding Defendant's Prior Conviction**

The Government seeks an order allowing it to introduce Defendant's prior conviction, as well as the plea agreement and transcript of Defendant's change of plea hearing. (ECF No. 81 at 3–5.) The Government contends that this evidence will be offered to establish Defendant's motive, intent, knowledge, absence of mistake, and identity. Specifically, the Government contends that: (1) the sentence and conviction tend to show Defendant "was using the storage unit to hide the firearms and narcotics, because the terms of his supervised release allowed probation officers to search his residence for contraband"; (2) the sentence and conviction demonstrate that Defendant's unlawful possession of a firearm was knowingly undertaken; (3) the plea

---

[1] In the Motion, the Government seeks a ruling about whether it may introduce evidence at trial. (ECF No. 81.) Although motions *in limine* generally relate to requests to exclude evidence, the Court will nonetheless analyze the issues raised in the Motion to avoid extensive evidentiary disputes at trial.

agreement contained admissions of prior narcotics activity, which demonstrates that Defendant had the knowledge or intent necessary to commit possession with intent to distribute a mixture and substance containing a detectable amount of 3,4-Methyl-enedioxy-methamphetamine (MDMA); and (4) the stipulated facts in the plea agreement, including that he was living with Ashley Reedholm at the time, connect Defendant to the storage unit in the case.  (*Id.* at 4–5.)

Defendant responds that the probative value of the prior conviction is "minimal at best" and is too remote in time to be admissible pursuant to Rule 404(b).  (ECF No. 83 at 3, 5.)  He further argues that the proffered evidence is highly prejudicial and should be excluded pursuant to Rule 403.  (*Id.* at 3–5.)  The Court agrees with Defendant in part.

The Court concludes that the Government will not be permitted to use Defendant's prior conviction and plea agreement to demonstrate Defendant's specific intent to distribute narcotics.  Although it is proper to use prior drug involvement to show plan, motive, or intent in a drug trafficking offense, *see United States v. Watson*, 766 F.3d 1219, 1237 (10th Cir. 2014), the relevance of Defendant's prior conviction to demonstrate Defendant's specific intent to distribute narcotics is undermined by the lengthy period of time between the prior acts and the alleged conduct charged in the Superseding Indictment, *see United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000) (recognizing that "prior narcotics involvement is relevant when that conduct is 'close in time, highly probative, and similar to the activity with which the defendant is charged'" and that "[f]our to six years transcends our conception of 'close in time'").

Here, the Court concludes that Defendant's 2014 plea agreement and conviction are too remote to be admissible as Rule 404(b) evidence.

Moreover, although the Government seeks to offer Defendant's prior conviction to establish Defendant's intent, knowledge, and motive, the Court concludes that the probative value of the prior conviction being introduced at the onset of the trial is substantially outweighed by a danger of unfair prejudice, and is thus properly excluded under Rule 403.[2]

Defendant has not moved to bifurcate the evidence and deliberation against the felon-in-possession charge against Defendant from the remaining charges. Nonetheless, it is the Court's longstanding practice—on its own motion, if necessary—to bifurcate trials containing a 18 U.S.C. § 922(g)(1) charge pursuant to Federal Rule of Criminal Procedure 14. In the Court's view, the introduction of evidence regarding the felon-in-possession charge will necessarily inform the jury of Defendant's status as a felon, and in all likelihood will be unduly prejudicial in the jury's consideration of the other charges. Accordingly, on its own motion, the Court will bifurcate the trial against Defendant. Counts 1 and 2 will be tried first. After the jury returns a verdict on those

---

[2] The Court further disagrees that the Government must be permitted to introduce Defendant's 2014 plea agreement to explain Defendant's connection to Ashley Reedholm. The Probation Office's notes of the February 24, 2020 search of Defendant's apartment demonstrate that U.S. Probation officers are aware of Ms. Reedholm's connection to Defendant and may therefore testify to that connection at trial. (*See* ECF No. 83-3 at 3.) Because there are other avenues for the Government to demonstrate Ms. Reedholm's connection to Defendant, the Court concludes that the plea agreement's relevance to establish Defendant as the owner of the storage locker's contents is outweighed by a danger of unfair prejudice to Defendant under Rule 403.

offenses, the parties will immediately move on to their evidence regarding Count 3. The same jury will hear that evidence and deliberate on Count 3.[3]

Although the Court will not allow the Government to introduce evidence of Defendant's status as a felon during the first phase of the trial, the Court nonetheless believes that the Government should be permitted to introduce certain evidence pertaining to Defendant's criminal history at trial. Such information is critical to set the scene for the jury and will provide relevant context about why Buescher and Diener were supervising Defendant and why Defendant might store firearms and narcotics in a storage unit rather than his apartment. Without this evidence the sequence of events underlying the charged conduct in this case will make little sense to the jury. Accordingly, the Court will allow the Government to inform the jury that Defendant was under supervision by the United States Probation Office due to a prior violation of law. However, the Government is not permitted to introduce evidence during phase one of the trial referencing this prior violation of law as a felony conviction.

Accordingly, this portion of the Motion is granted in part and denied in part.

**B.     Evidence Uncovered During December 2, 2019 and February 24, 2020 Searches**

The Government argues that evidence recovered as a result of the December 2, 2019 and February 24, 2020 searches is not subject to Rule 404(b) because it is intrinsic to the crimes charged. (ECF No. 81 at 6.) Specifically, the Government argues that the December 2, 2019 search "occurred less than three months before the charged

---

[3] To the extent that the parties do not reach a stipulation regarding Defendant's felon status and knowledge that he had been convicted of a felony, the Court will allow the Government to introduce Defendant's prior conviction during phase two of the trial. If necessary at that time, the Court will revisit whether the Government should also be permitted to introduce Defendant's plea agreement and the transcript of the change of plea hearing.

offense," "involved the same probation officers as the later search," "set the stage for why the [D]efendant was hiding the contraband charged in this case outside of his residence," and "produced evidence intimately connected with the narcotics and Kahr firearm charged in this case" and should therefore be considered intrinsic evidence.  (*Id.* at 6–7.)  The Government further argues that the Superseding Indictment encompasses the timeframe of the February 24, 2020 search and that this search "led to the February 27, 2020 storage unit search."  (*Id.* at 8.)

In response, Defendant argues that the February 27, 2020 search "could not conceivably be 'inextricably intertwined' with the supervision searches" as they were "conducted by different officers, in different governments, for different purposes."  (ECF No. 83 at 2.)  He further argues that the "February 24 search by probation officers provided absolutely no basis for the February 27 storage unit search by Denver detectives" and that the alleged evidence uncovered on February 24 had "absolutely nothing to do with the storage unit search."  (*Id.* at 3.)  The Court disagrees.

"Rule 404(b) only applies to evidence of acts extrinsic to the charged crime." *United States v. Lambert*, 995 F.2d 1006, 1007–08 (10th Cir. 1993) (quoting *United States v. Pace*, 981 F.2d 1123, 1135 (10th Cir. 1992), *cert. denied,* 507 U.S. 966 (1993)). "Other act evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged."  *Id.*  (citation omitted); *see also United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009) (recognizing that "[i]ntrinsic evidence is directly connected to the factual circumstances of the crime and provides contextual or background information to the

jury" whereas "[e]xtrinsic evidence . . . is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense" (citations omitted)).

Here, the Court concludes that the evidence obtained during the December 2, 2019 and February 24, 2020 searches is intrinsic to the factual circumstances surrounding the Superseding Indictment and is therefore admissible at trial.[4]  After all, the evidence obtained during the December 2, 2019 and February 24, 2020 searches—including the capsules, pill press, digital scale, plastic bags, drug paraphernalia, as well as the cell phone messages indicating that Defendant was both looking to purchase narcotics and searching for a grip for a Kahr firearm—is directly connected to the factual circumstances of the offenses charged in the Superseding Indictment.[5]  The evidence directly relates to the Government's theory that Defendant was the owner of the items uncovered in the storage unit, as well as Defendant's intent to distribute narcotics and possess a firearm in furtherance of a drug trafficking crime.

To the extent that Defendant argues that the probative value of the evidence obtained as a result of the December 2 and February 24 searches is outweighed by unfair prejudice, the Court disagrees.  After all, "Rule 403 does not protect a party from

---

[4] Even if the evidence was not intrinsic to the crimes charged, the Court would nonetheless find that this evidence is admissible pursuant to Rule 404(b) for the proper purpose of showing Defendant's motive and intent.  *See Watson*, 766 F.3d at 1237.  Moreover, the evidence is relevant given the temporal proximity and relation to the instant charged offenses. *See United States v. Conway*, 73 F.3d 975, 981 (10th Cir. 1995) (upholding admission of prior arrests for selling cocaine from motel rooms to support a charge for possession with intent to distribute cocaine from neighboring motel).

[5] Moreover, the Court notes that the time period identified for Counts 1–3 in the Superseding Indictment explicitly includes the February 24, 2020 search and allows for the inclusion of the December 2, 2019 search.  (*See* ECF No. 52 (alleging that Counts 1–3 began on a "date unknown but not later than on or about February 24, 2020, through on or about February 27, 2020").)

all prejudice, only *unfair* prejudice." *Watson*, 766 F.3d at 1242 (recognizing that unfair prejudice is assessed by analyzing whether the "[e]vidence . . . makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged").

However, the Court agrees with Defendant's assertion that the allegations of child and spousal abuse against Defendant are "highly inflammatory," "prejudicial," and "likely to inflame the jury." (ECF No. 83 at 4.) The Court will permit the witnesses to testify that Buescher, Diener, and members of the Denver Police Department visited Defendant's home on February 24, 2020; however, these witnesses may not testify that this home visit was conducted after receiving a report that Defendant was abusing his son and/or wife or that Defendant was thereafter charged with second degree assault. (ECF No. 81-3 at 1.) For the same reason, the Government will not be permitted to introduce Buescher's March 6, 2020 report regarding the February 24, 2020 search. (See ECF No. 81-3.) However, Buescher will be permitted to testify regarding the February 24, 2020 search in a manner that is consistent with this Order.

The Court further agrees that the Government will not be permitted to introduce Buescher's notes of the December 2, 2019 search as it contains a legal conclusion that "[i]n review of the phone, it was very evident the D[efendant] was engaged in narcotic trafficking." (ECF No. 81-2 at 2.) Nonetheless, Buescher will be permitted to testify as to his observations during the December 2, 2019 search.

This portion of the Motion is granted in part and denied in part as set forth herein.

11

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS that:

1. The Government's Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) and Motion *in Limine* to Admit Evidence (ECF No. 81) is GRANTED IN PART AND DENIED IN PART as set forth herein; and

2. By way of separate order, the Court will reset the Final Trial Preparation Conference and Trial.

Dated this 19th day of November, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge